UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Respondent,<br><br>-vs-<br><br>EFREN CUEVAS-BARRETO,<br><br>                Petitioner. | NO.    CR-11-2062-WFN-1<br><br>ORDER DENYING PETITIONER'S<br>§2255 MOTION |

Before the Court is Petitioner's Amended Motion For a Petition of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (ECF No. 34). On May 17, 2011, Petitioner participated in this District's Fast Track Program. Petitioner's criminal history category was a IV, having been (1) repeatedly convicted for driving under the influence of drugs and alcohol, and (2) previously convicted of conspiracy to deliver cocaine. Pursuant to U.S.S.G. § 2L1.2(a), Petitioner's base offense level was 8 points. Pursuant to U.S.S.G. § 2L1.2(b)(1)(B), Petitioner received a 12 point enhancement for his felony drug trafficking offense for which he previously received 9 months of confinement. Accordingly, Petitioner's adjusted offense level was 20, with a guideline range of 51 to 63 months.

On May 11, 2011, Petitioner entered into a plea agreement with the Government. For changing his plea to guilty in a timely fashion and accepting responsibility, Petitioner received a 3 point offense level deduction. Petitioner's total offense level was 17, with a guideline range of 37 to 46 months. Because Petitioner participated in the fast track program, an additional 3 points were subtracted. Petitioner's total offense level was reduced to 14, with a guideline range of 27 to 33 months. After accepting his guilty plea, the Court

ORDER DENYING PETITIONER'S § 2255 MOTION - 1

sentenced Petitioner to 30 months, three years of supervised release, and a $100 special penalty assessment.

Petitioner's Plea Agreement contained a paragraph on Petitioner's appeal rights:

> In consideration of the government's recommendations contained in this Plea Agreement as well as the various waivers by the Defendant, both parties waive any right to appeal this conviction and the sentence imposed by the Court in this case. The Defendant also waives any right to collaterally attack this conviction and sentence under 28 U.S. C. § 2255, or any other collateral attack (except for ineffective assistance of counsel based on facts discovered after the plea and sentencing). The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above. If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the Plea Agreement.

ECF No. 29 at ¶ 15.

On February 10, 2012, Petitioner filed a § 2255 Motion, attempting to collaterally attack his sentence by challenging his deportation order. The Court noted that his Motion appeared to violate the plain language of the Plea Agreement. Due to the possibly harsh consequences of pursuing the Motion, the Court ordered Petitioner to confirm that he wished to proceed before the Court reviewed the Motion on the merits to determine whether the Government should be required to respond. Additionally, if Petitioner wished to proceed with the Motion, the Court ordered Petitioner to file an Amended § 2255 Motion, using the district's form and not to incorporate by reference any part of the original Motion.

On June 22, 2012, Petitioner filed the current Motion before the Court, his Amended § 2255 Motion. In the Motion, Petitioner states two grounds for relief: (1) ineffective assistance of counsel for failing to negotiate a plea agreement that preserved his rights to appeal the imposition of a 16 point enhancement and also to pursue a lower sentence, and (2) ineffective assistance of counsel for failing to subject the prosecution's case

to meaningful adversarial testing given the Court's application of the 16 point enhancement.

## APPLICABLE LAW

The Sixth Amendment provides that an accused in a criminal prosecution has a right to the assistance of counsel. U.S. CONST. amend. VI. In considering a claim of ineffective assistance of counsel, the Court must consider whether counsel's representation fell below an objective standard of reasonableness and whether the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *Strickland* provides:

> [t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Strickland*, 466 U.S. at 686. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* at 698.

The first prong of the *Strickland* test requires that a petitioner show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Court's scrutiny of counsel's performance must be highly deferential and must attempt to evaluate the conduct from counsel's perspective at the time. *Id.* at 689.

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Id.* quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955); *see, also, United States v. Bosch*, 914 F.2d 1239, 1244 (9th Cir. 1990).

The second prong of the *Strickland* test provides "the defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. A defendant

ORDER DENYING PETITIONER'S § 2255 MOTION - 3

alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The standard requires a showing that there is a reasonable probability that, but for the counsel's errors, the results of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A Court need not address the prejudice prong if counsel's performance was not deficient. *United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002).

## DISCUSSION

It is clear from Petitioner's Amended Motion that he erroneously believes that the Court applied a 16 point enhancement for his felony drug trafficking offense for which he received 9 months of confinement. This is the crux of both grounds of Petitioner's § 2255 Motion. Petitioner claims that (1) the PSR recommended a 16 point enhancement under U.S.S.G. § 2L1.2(b)(1)(A), (2) that only a 12 point enhancement was proper because Petitioner's state sentence was only 9 months, (3) that defense counsel failed to object to the 16 point enhancement, and (4) that the Court erroneously applied a 16 point enhancement. Petitioner is in error. The PSR recommended a 12 point enhancement in accordance with U.S.S.G. § 2L1.2(b)(1)(B), because (1) the sentence imposed for Petitioner's drug traffic offense was less than 13 months and (2) he received criminal history points under Chapter Four (ECF No. 22 at 3 and 5). Defense counsel was not ineffective by failing to object to a 16 point enhancement, because no such enhancement was proposed. Additionally, the Court properly applied a 12 point enhancement rather than a 16 point enhancement. In sum, Petitioner's claims are without merit.

The Rules regarding Section 2255 Proceedings state that the Court may summarily order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(b), RULES-

1  SECTION 2255 PROCEEDINGS. Thus, when a petitioner fails to state a claim upon which relief
2  can be granted, or when the motion is incredible or patently frivolous, the district court may
3  summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir.
4  1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). The Court concludes
5  that Petitioner's claims are patently frivolous and dismissal of Petitioner's § 2255 Motion is
6  appropriate.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Judge issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes jurists of reason would not find the Court's rulings debatable. Thus, a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that:

1. Petitioner's Amended Motion For a Petition of Habeas Corpus Pursuant to 28 U.S.C. § 2255, filed June 22, 2012, **ECF No. 34**, is **DENIED**.

2. Petitioner's Motion for a Petition of Habeas Corpus Pursuant to 28 U.S.C. § 2255, filed February 10, 2012, **ECF No. 32**, is **DENIED**. The Court now terms this Motion to clear it from the docket. Previously, the Court mooted the Motion by requiring Petitioner to file his Amended Motion if he wished to proceed.

The District Court Executive is directed to file this Order and provide copies to Petitioner and **CLOSE** the corresponding civil file, CV-12-3011-WFN.

**DATED** this 12th day of October, 2012.

　　　　　　　　　　　　　　　　　　　s/ Wm. Fremming Nielsen
09-15-12　　　　　　　　　　　　　　　WM. FREMMING NIELSEN
　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITIONER'S § 2255 MOTION - 5